1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEINA WANG,<br><br>                                    Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, DOES 1 through 50,<br><br>                                    Defendants. | Case No. 22-cv-1224-MMA (MMD)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS**<br><br>[Doc. No. 6] |

On June 21, 2022, Meina Wang ("Plaintiff") commenced the instant action against Abbott Laboratories ("Abbott") in the San Diego County Superior Court. *See* Doc. No. 1-3 ("Compl."). On August 19, 2022, Abbott timely removed the case to this Court based on diversity jurisdiction. *See* Doc. No. 1. Abbott subsequently filed a motion to dismiss for lack of subject matter jurisdiction, or alternatively, to stay the proceedings. *See* Doc. No. 6. Plaintiff filed an opposition, to which Abbott replied. *See* Doc. Nos. 9, 10. The Court found the matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 11. For the reasons set

forth below, the Court **DENIES** Abbott's motion to dismiss and **GRANTS** Abbott's motion to stay the proceedings.

## I. BACKGROUND

In October 2019, Plaintiff started working for Abbott as a scientist. Compl. ¶ 4. In March 2021, another Abbott employee filed a complaint in state court naming both Abbott and Plaintiff as defendants, *Zakery v. Aerotek Scientific, LLC*, Case No. 37-2021-00009032-CU-WT-CTL (the "Underlying Action"). *Id.* ¶ 5. The state court compelled the Underlying Action to arbitration, which remains ongoing. *See* Doc. No. 1 at 6. The Underlying Action contains claims against Plaintiff for (1) hostile work environment and (2) intentional infliction of emotional distress. *See id.* Plaintiff was dismissed from the Underlying Action with prejudice on September 8, 2022. *See* Doc. No. 9 at 2.

Plaintiff no longer works for Abbott. *See* Doc. No. 6 at 7. Abbott did not provide Plaintiff with an attorney in the Underlying Action. *See* Compl. ¶ 7; Doc. No. 9 at 3. Plaintiff now seeks indemnification of her attorney's fees from Abbott, as well as declaratory relief affirming Abbott's duty to indemnify her. Compl. ¶¶ 12, 18.

Of primary import in this case are the Underlying Action's allegations against Plaintiff for hostile work environment and intentional infliction of emotional distress. *See* Doc. No. 1 at 6. Plaintiff claims that her alleged conduct was "within the course and scope of her employment with [Abbott,]" thus entitling her to indemnification. Compl. ¶ 6. Abbott asserts Plaintiff's claim presents a factual question to be determined by the Underlying Action, and that she may never be entitled to indemnification. *See* Doc. No. 6 at 7; Doc. No. 10 at 4. Consequently, Abbott moves to dismiss for lack of ripeness or alternatively, stay this case pending resolution of the Underlying Action.

## II. REQUEST FOR JUDICIAL NOTICE

As an initial matter, both parties have filed requests for judicial notice. *See* Doc. Nos. 6-2, 9-2. Abbott asks the Court to judicially notice one exhibit: Plaintiff Katreen Zakery's Complaint for Damages in the Underlying Action (the "Underlying Action's Complaint"), filed on March 2, 2021. *See* Doc. No. 6-3. Additionally, Plaintiff asks the

Court to judicially notice one exhibit: a request for dismissal in the Underlying Action (the "Dismissal"), filed on September 7, 2022.  *See* Doc. No. 9-1 at 6–7.

Generally, a court must take judicial notice if a party requests it and supplies the court with the requisite information.  Fed. R. Evid. 201(d).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (citing *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956)).  While a court may take judicial notice of matters of public record, it may not take judicial notice of a fact that is subject to reasonable dispute.  Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  For example, "when a court takes notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."  *Lee*, 250 F.3d at 690.

Turning to the exhibits, the Court finds that both are matters of the public record, whose authenticity are not subject to reasonable dispute.  Accordingly, the Court **GRANTS** Abbot's request and takes judicial notice of the Underlying Action's Complaint, and **GRANTS** Plaintiff's request and takes judicial notice of the Dismissal.

### III. LEGAL STANDARDS

### A.   Rule 12(b)(1) Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S, 375, 377 (1994).  As such, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  Without subject matter jurisdiction, a federal court is without "power" to hear or adjudicate a claim.  *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89

(1998)); *Kokkonen*, 511 U.S. at 377.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Jurisdictional attacks under Rule 12(b)(1) can be either facial or factual. *White*, 227 F.3d at 1242. A *facial* attack on jurisdiction asserts that the allegations in a complaint are insufficient to invoke federal jurisdiction, whereas a *factual* attack disputes the truth of the allegations that would otherwise confer federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial challenge to jurisdiction, a court accepts the allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

The moving party can convert its "motion to dismiss into a factual motion by presenting affidavits or other evidence." *Id.* In resolving a factual attack, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* (citing *White*, 227 F.3d at 1242). "Once the moving party has converted the motion to dismiss into a factual motion . . . the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* at 1039 (quotation marks omitted) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.2003)); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist.").

**B.   Staying Proceedings**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted).

In determining whether to grant a stay, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (identifying the *Landis* factors)). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## IV. DISCUSSION

Abbott moves to dismiss both causes of action against it pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that this Court lacks subject matter jurisdiction, or alternatively, moves to stay proceedings. *See* Doc. No. 6.

### A.    Motion to Dismiss

Abbott asserts that Plaintiff's indemnification claim is not ripe. *See* Doc. No. 6 at 13. Abbott contends the duty to indemnify has not yet arisen, and this duty will arise

only if the conduct at issue in the Underlying Action was within the course and scope of Plaintiff's employment.  *See id.*  This is a factual attack in the 12(b)(1) context, and therefore "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039 (citing *White*, 227 F.3d at 1242).

However, Abbott filed its motion prior to Plaintiff's dismissal from the Underlying Action.  As a result, Plaintiff now argues that—because she was dismissed from the Underlying Action—her attorney's fees are fixed, no longer accruing, no longer dependent on the Underlying Action's factual findings, and therefore ripe for indemnification.  *See* Doc. No. 9.

"The central concern of the ripeness inquiry is whether the case involves uncertain or contingent events that may not occur as anticipated or indeed may not occur at all." *Sentry Ins. A Mut. Co. v. Provide Com., Inc.*, No. 14-CV-2868-BAS-WVG, 2016 WL 1241553, at *3 (S.D. Cal. Mar. 30, 2016) (quoting *Chandler v. State Farm*, 598 F.3d 1115, 1122–23 (9th Cir. 2010)).  In the insurance context, "the duty to indemnify can arise only after damages are fixed in their amount."  *Certain Underwriters at Lloyd's of London v. Superior Ct.*, 16 P.3d 94, 102 (Cal. 2001).  Thus, within the insurance context, indemnification is ripe and no longer contingent when the dollar amount is fixed.

However, Plaintiff's indemnification claim arises in the employment context under the California Labor Code section 2802.  That statute limits indemnification to an employee's "necessary expenditures" only.  Cal. Lab. Code § 2802.  "[I]f the employer declines to defend the employee in . . . a [third party] case, the employee's expenditures on his or her own defense are considered 'necessary' within the meaning of the statute and thus subject to the employer's duty to indemnify."  *Carter v. Entercom Sacramento, LLC*, 219 Cal. App. 4th 337, 346 (Cal. Ct. App. 2013).  Moreover, "[a]n employer is required to indemnify an employee who is sued by third persons for conduct in the course and scope of his or her employment, including paying any judgment entered and attorney's fees and costs incurred in defending the action."  *Nicholas Laboratories, LLC v. Chen*, 199 Cal. App. 4th 1240, 1247 (Cal. Ct. App. 2011) (quoting *Cassady v. Morgan,*

*Lewis & Bockius LLP*, 145 Cal. App. 4th 220, 230 (Cal. Ct. App. 2006)).  The past tense language of "judgment entered" and "costs incurred" suggests that—like the insurance context—the duty to indemnify in the employment context arises when the dollar amount is fixed and determined.  *Id*; *see also Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009) (holding that the duty to reimburse under section 2802 arises only after the employer knows the employee has "*incurred* an expense" (emphasis added)).  Because Plaintiff has been dismissed from the Underlying Action, her attorney's fees are fixed and determined.  *See* Doc. No. 9 at 9–10.  In other words, Plaintiff's attorney's fees are no longer accruing, and are not subject to future contingencies or fluctuations.

Here, the Court finds cases within the insurance context to be analogous and instructive for the ripeness inquiry.  "[T]he Supreme Court [has] held that an insurer's declaratory judgment action regarding its duty to . . . indemnify was sufficiently ripe, even when the underlying liability action in state court had not yet proceeded to judgment."  *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)).  Consequently, "there is no per se rule against [a] district court exercising its jurisdiction to resolve an [indemnity] dispute when the underlying liability suit is pending in state court."  *Kearns*, 15 F.3d at 145.

"The test for recovery under section 2802 is whether the conduct defended against was within the course and scope of employment."  *Jacobus v. Krambo Corp.*, 78 Cal. App. 4th 1096, 1101 (Cal. Ct. App. 2000).  While this test may be relevant to the final outcome of the instant action, it is not an issue of ripeness.  Plaintiff and Abbott both cite *Douglas v. Los Angeles Herald-Examiner* for the proposition that a trier of fact must determine whether Plaintiff's conduct was within the course and scope of her employment.  50 Cal. App. 3d 449 (Cal. Ct. App. 1975); *see* Doc. No. 6 at 12; Doc. No. 9 at 7.  Abbott contends the trier of fact is the arbitrator, while Plaintiff contends the trier of fact is this Court.  *See* Doc. No. 6 at 12; Doc. No. 9 at 7.  Both of these arguments miss the mark.  The question presented at this stage in the litigation is whether Plaintiff's

indemnification claim is ripe, not whether Plaintiff is entitled to recovery.

"In the present posture of this case, we do not know whether the allegations of" the Underlying Action "are true or false." *Douglas*, 50 Cal. App. 3d at 462.  As a result, the Court declines to independently infer and determine whether Plaintiff acted in the course and scope of her employment at this time.  As the Supreme Court has explained: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues . . . . Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

Because her attorney's fees are fixed and determined in the Underlying Action, the Court finds that Plaintiff's indemnification claim is ripe for adjudication in this case. Accordingly, the Court **DENIES** Abbott's motion to dismiss for lack of subject matter jurisdiction.

**B.    Motion to Stay Proceedings**

Abbott alternatively moves to stay this case pending resolution of the Underlying Action.  "[A] stay of all issues, and as to all parties, is warranted when questions of fact common to all would be involved in both the litigation and the arbitration." *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1114 (C.D. Cal. 2002).  Further, this Court has stayed similar proceedings within the insurance context.  *See Hallam v. Gemini Ins. Co.*, No. 12-CV-2442-CAB (JLB), 2015 WL 11237479, at *3 (S.D. Cal. Apr. 8, 2015) ("while the court does not find grounds to dismiss Gemini's . . . complaint for lack of subject-matter jurisdiction, it does find cause to stay litigation of those claims pending determination of Gemini's liability to the Hallams"); *see also Sentry Ins. A Mut. Co*, 2016 WL 1241553, at *4 ("A stay of a declaratory relief action until the third party suit is resolved may, therefore, be necessary if coverage turns on extrinsic facts to be litigated in the third party suit").  Accordingly, the Court analyzes each of the *Landis* factors for granting a stay in turn.

1
        *1.      Possible Damage from Granting a Stay*

2
       Abbott argues either no or minimal damage will result from a stay.  *See* Doc. No. 6

3
at 16.  Plaintiff only contends that a stay will delay the recovery of her attorney's fees

4
while she awaits resolution of the Underlying Action, even though she is no longer a

5
party to that case.  *See* Doc. No. 9 at 9.

6
       "[C]ourts in this circuit have concluded that delaying a determination of . . .

7
coverage obligations does not constitute damage under the factors set forth in *Landis*."

8
*Hudson Specialty Ins. Co. v. Hofer*, No. 3:20-cv-00852-BEN-RBB, 2020 U.S. Dist.

9
LEXIS 152228, at *4 (S.D. Cal. Aug. 21, 2020) (first citing *Safeco Ins. Co of Am. v.*

10
*Nelson*, 20-cv-0211-MMA-DEB, 2020 U.S. Dist. LEXIS 118919 (S.D. Cal. July 7,

11
2020); and then citing *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK,

12
2019 U.S. Dist. LEXIS 22907 (N.D. Cal. Feb. 12, 2019)); *see also Nguyen v.*

13
*Marketsource, Inc.*, No. 17-CV-02063-AJB-JLB, 2018 WL 2182633, at *6 (S.D. Cal.

14
May 11, 2018).  As a result, merely postponing Plaintiff's potential recovery is

15
insufficient to deny a stay.  Instead, the Court agrees with Abbott that a stay will result in

16
minimal to no damage to either party.  Accordingly, the first *Landis* factor weighs in

17
favor of granting Abbott's motion.

18
        *2.      Hardship or Inequity*

19
       Next, Abbott argues that a stay will prevent a premature ruling or premature

20
finding of fact related to extant questions in the Underlying Action.  *See* Doc. No. 6 at

21
16–18; Doc. No. 10 at 6–7.  Plaintiff contends the Underlying Action is neither binding

22
nor relevant to indemnification because of the Dismissal.  *See* Doc. No. 9 at 9.

23
       In general, "being required to defend a suit, without more, does not constitute a

24
'clear case of hardship or inequity' within the meaning of *Landis*."  *Lockyer*, 398 F.3d at

25
1112.  But here, Plaintiff requests that Abbott defend more than one suit involving the

26
same set of facts.  *See* Compl. ¶¶ 5–6.  The instant action is dependent on the scope of

27
employment question.  *See* Cal. Lab. Code § 2802; *Jacobus*, 78 Cal. App. 4th at 1101.

28
This factual determination is inevitably entangled within the Underlying Action's

workplace-related causes of action against Abbott.  *See* Doc. No. 6-3.

As noted in the preceding section, the Court declines to make generous inferences in favor of Plaintiff at this stage that might improperly subject Abbott to premature liability.  The possibility of inconsistent findings could present inequity, and duplicative litigation could present unnecessary hardship.[1]  The Court therefore concludes that the overlapping factual and legal issues, coupled with the risk of inconsistent results, weigh in favor of a stay.  *See Landis*, 299 U.S. at 255.

3.      *Orderly Course of Justice*

Turning to the third element, Plaintiff argues that the Underlying Action is not binding under a collateral estoppel theory.  *See* Doc. No. 9 at 7.  Plaintiff also contends that issues will not become simplified by the Underlying Action.  *Id.*  Regardless, a district court may grant a stay "whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."  *Leyva*, 593 F.2d at 863–64.  Abbott argues that a stay will simplify the issues, avoid duplicative litigation, and prevent inconsistent findings.  *See* Doc. No. 10 at 7.  As discussed above, the Court agrees.  Moreover, "[g]ranting the stay would allow this Court to better manage its limited resources" until the Underlying Action concludes.  *Zurich Am. Ins. Co.*, 2019 WL 570760, at *6.  Accordingly, the third *Landis* factor also weighs in favor of granting a stay.

---

[1] Denial of a stay may also create unintentional hardship for Plaintiff.  Plaintiff additionally seeks attorney's fees in the instant action.  *See* Compl. "Prayer For Relief" ¶ 5.  However, some courts have refrained from ordering such indemnification.  *See Jacobus*, 78 Cal. App. 4th at 1105–6; *Douglas*, 50 Cal. App. 3d at 467–69; *but see* Cal. Lab. Code § 2802(c); *O'Hara v. Teamsters Union Loc. No. 856*, 151 F.3d 1152, 1161–62 (9th Cir. 1998); *cf. Freund v. Nycomed Amersham*, 347 F.3d 752, 766 (9th Cir. 2003) ("[Section 2802] does not require an employer to pay the fees to support an employee's affirmative litigation against the employer" when that litigation is unrelated to a third-party lawsuit).  Consequently, even if Plaintiff prevails, continuing litigation in the instant case may amass legal fees that Plaintiff's counsel never recovers.  The Court takes no position on this issue here.

Therefore, because all three *Landis* factors weigh in favor of staying this case, the Court **GRANTS** Abbott's motion to stay proceedings pending resolution of the Underlying Action.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Abbott's motion to dismiss and **GRANTS** Abbott's motion to stay proceedings pending outcome of the Underlying Action. The Court **DIRECTS** the parties to file a joint status report within **five (5) business days** of the conclusion of the Underlying Action.

**IT IS SO ORDERED**.

Dated: November 15, 2022

HON. MICHAEL M. ANELLO
United States District Judge